UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION

                         Plaintiff

v.

GRENDA GROUP, LLC,
GREGORY M. GRENDA and
WALTER F. GRENDA, JR.,

                        Defendants.

**ANSWER WITH
AFFIRMATIVE DEFENSES**

Civil Action No.:
1:18-cv-00954

JURY TRIAL DEMANDED

---

Defendants, GRENDA GROUP, LLC and GREGORY M. GRENDA (hereinafter collectively referred to as the "Answering Defendant", or individually as the "Grenda Group" and "Gregory Grenda"), by and through their attorney, Joseph G. Makowski, LLC (Joseph G. Makowski, Esq., of Counsel), as and for his Answer with Affirmative Defenses to the Complaint of the United States Securities and Exchange Commission (hereinafter referred to as the "Commission" or as the "SEC"), responds to the allegations herein as follows:

## SUMMARY OF ALLEGATIONS

1.    With respect to the allegations contained in paragraph "1" of the Complaint, the Answering Defendants admit that Walter Grenda has been barred from association with any Commission-registered investment adviser since July 2015 and deny the remaining of the allegations contained in the paragraph.

2.    With respect to the allegations contained in paragraph "2" of the Complaint, the Answering Defendants admit Reliance Financial Advisors, LLC (hereinafter referred to as "Reliance") was a Buffalo, New York-based investment advisory firm co-founded by Walter

Grenda and registered with the Commission in 2011 and that before 2011 and deny knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph.

3.      With respect to the allegations contained in paragraph "3" of the Complaint, the Answering Defendants admit that Walter Grenda sold his Reliance assets to the Answering Defendants in early 2014 and deny the remaining allegations contained in the paragraph.

4.      Deny knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "4" of the Complaint with respect to when Walter Grenda founded General Wealth, an estate planning and tax services firm.  The Answering Defendants further deny Generational Wealth shares Grenda Group's office space and administrative/secretarial support.

5.      With respect to the allegations contained in paragraph "5" of the Complaint, the Answering Defendants admit that in July 2015 the Commission, pursuant to the terms of a Consent Decree without admission of liability (the July 2015 Order), barred Walter Grenda and refer to the July 2015 Order for the terms and provisions thereof.

6.      With respect to the allegations contained in paragraph "6" of the Complaint, the Answering Defendants admit that Walter Grenda maintained and used the same cell phone number that he had before he was barred and deny the remaining allegations contained in the paragraph.

7.      Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "7".

8.      Deny the allegations contained in paragraph "8" of the Complaint.

9.      Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "9".

10.    Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "10".

11.    Deny the allegations contained in paragraph "11" of the Complaint.

## VIOLATIONS

12.    With respect to the allegations contained in paragraph "12" of the Complaint, the Answering Defendant deny the allegations as the pertain to them and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to the remaining defendant.

13.    Deny knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "13" of the Complaint.

14.    With respect to the allegations contained in paragraph "14" of the Complaint, the Answering Defendants deny the allegations as the pertain to them and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to the remaining defendant.

15.    Deny the allegations contained in paragraph "15" of the Complaint.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

16.    In response to paragraph "16" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to federal statutes, the Answering Defendants refer to those statutes for the content thereof.

17.    In response to paragraph "17" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to

the extent that said paragraph makes reference to and federal statutes and the July 2015 Order, the Answering Defendants refer to those statutes and Order for the content thereof.

## JURISDICTION AND VENUE

18.    In response to paragraph "18" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to federal statutes, the Answering Defendants refer to those statutes for the content thereof.

19.    In response to paragraph "19" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to federal statutes, the Answering Defendants refer to those statutes for the content thereof.

## DEFENDANTS

20.    Admit the allegations contained in paragraph "20" of the Complaint.

21.    Admit the allegations contained in paragraph "21" of the Complaint.

22.    With respect to the allegations contained in paragraph "22" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to the July 2015 Order, the Answering Defendants refer to the July 2015 Order for the terms and provisions thereof.

## RELEVANT INDIVIDUAL AND ENTITY

23.    With respect to the allegations contained in paragraph "23" of the Complaint, the Answering Defendants admit that Maryann Grenda Walter Grenda's wife, Gregory Grenda's mother and that she is a resident of Buffalo, New York. The Answering Defendants admit that Maryann Grenda is currently employed as a receptionist at the Grenda and deny knowledge and

information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph.

24.     Admit the allegations contained in paragraph "24" of the Complaint.

## FACTS

### I.     The Formation of the Grenda Group

25.     Deny knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "25" of the Complaint.

26.     Admit the allegations contained in paragraph "26" of the Complaint.

27.     Deny knowledge and information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "27" of the Complaint.

28.     Admit the allegations contained in paragraph "28" of the Complaint.

29.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "29".

30.     With respect to the allegations contained in paragraph "30" of the Complaint, the Answering Defendants deny that Walter Grenda and Generational Wealth share office space with Grenda Group and Gregory Grenda and deny knowledge and information sufficient to form a belief with respect to the truth of the remaining of the allegations contained in the paragraph.

### II.     Walter Grenda Was Associated with Grenda Group
### Before the Commission Barred Him.

31.     With respect to the allegations contained in paragraph "31" of the Complaint, the Answering Defendants only admit that Grenda Group letter was sent to clients in the first quarter of 2014, and refer to the text of the letter for the terms and provisions thereof.

32.     With respect to the allegations contained in paragraph "32" of the Complaint, the Answering Defendants deny knowledge or information sufficient to form a belief with respect to

the truth of the allegations contained in the paragraph and refer to the text of the March 2014 letter for the terms and provision thereof.

33.     With respect to the allegations contained in paragraph "33" of the Complaint, the Answering Defendants only admit that Grenda Group letter was sent to clients in May 2014, and refer to the text of the letter for the terms and provisions thereof.

34.     Deny the allegations contained in paragraph "34" of the Complaint.

**III.    Walter Grenda Was Barred by the Commission.**

35.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "35".

36.     With respect to the allegations contained in paragraph "36" of the Complaint, the Answering Defendants refer to the terms of the July 2015 Order for the terms and provisions thereof against Walter Grenda and deny knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph.

**IV.    Walter Grenda Continued to Associate With Grenda Group after the July 2015 Order, with Grenda Group and Gregory Grenda's Knowledge and Permission.**

37.     Deny the allegations contained in paragraph "37" of the Complaint.

38.     Deny the allegations contained in paragraph "38" of the Complaint.

39.     Deny the allegations contained in paragraph "39" of the Complaint.

40.     Deny the allegations contained in paragraph "40" of the Complaint.

41.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "41".

42.     With respect to the allegations contained in paragraph "42" of the Complaint, the Answering Defendants deny the allegations contained in the paragraph and refer to the text of the January 17, 2017 email for the terms and provision thereof.

43.     With respect to the allegations contained in paragraph "43" of the Complaint, the Answering Defendants deny the allegations contained in the paragraph and refer to the text of the August 27, 2015 email for the terms and provision thereof.

## V.     Walter Grenda Associated with the Firm After the July 2015 Order in Other Ways.

44.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "44".

45.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "45".

46.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "46".

## VI.    Grenda Group and Gregory Grenda Affirmatively Misrepresented and Failed to Disclose Walter Grenda's Bar to the Firm's Clients.

47.     Deny the allegations contained in paragraph "47" of the Complaint.

48.     With respect to the allegations contained in paragraph "48" of the Complaint, the Answering Defendants deny the allegations contained in the paragraph and refer to the text of the September 2015 and February 2016 emails for the terms and provision thereof.

49.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "49".

## VII.   Grenda Group and Gregory Grenda Affirmatively Misled, and Failed to Disclose Material Facts to, Clients Regarding Schwab's Termination of its Investment Management Agreement with Grenda Group.

50.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "50".

51. Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "51".

52.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in paragraph "52".

53.     With respect to the allegations contained in paragraph "53" of the Complaint, the Answering Defendants admit that, on or about July 26, 2016, Schwab representatives called Gregory Grenda but deny knowledge or information sufficient to form a belief with respect to the truth of the remainder of the allegations contained in the paragraph.

54.     With respect to the allegations contained in paragraph "54" of the Complaint, the Answering Defendants admit that Gregory Grenda confronted Walter Grenda and revoked Walter Grenda's permission to use the Grenda Group cell phone number and deny knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph and further deny that the Answering Defendants continued to permit Walter Grenda and Generational Wealth to use Grenda Group offices even after Gregory Grenda learned of Walter Grenda's alleged impersonated calls to Schwab.

55.     With respect to the allegations contained in paragraph "55" of the Complaint, the Answering Defendants admit that Schwab faxed a termination letter to the Grenda Group and refer to the text of the August 15, 2016 correspondence for the terms and provision thereof and deny knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph.

56.     With respect to the allegations contained in paragraph "56" of the Complaint, the Answering Defendants admit that Gregory Grenda sent a letter via email to Grenda Group clients on August 16, 2016, refer to the text of the August 16, 2016 emailed letter for the terms and provisions thereof.  The Answering Defendants deny that Gregory Grenda knew, or recklessly disregarded, that his statements in the August 16, 2016 emailed letter were misleading and deny

knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph.

57.     With respect to the allegations contained in paragraph "57" of the Complaint, the Answering Defendants deny that Gregory Grenda knowingly, or at a minimum recklessly, continued to misrepresent the facts surrounding the Termination Letter to clients and deny knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph.

58.     With respect to the allegations contained in paragraph "58" of the Complaint, the Answering Defendants deny that Gregory Grenda knew, or recklessly disregarded, statements in an August 18, 2016 email were false, refer to the text of the August 18, 2018 email for the terms and provisions thereof  and further deny knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph.

59.     With respect to the allegations contained in paragraph "59" of the Complaint, the Answering Defendants deny that Gregory Grenda's August 23, 2016 email was false, misleading or sent with reckless disregard, refer to the text of the August 23, 2016 email for the terms and provision thereof and deny knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph.

60.     With respect to the allegations contained in paragraph "60" of the Complaint, the Answering Defendants deny that the August 23, 2016 email referred to was false, misleading or sent with reckless disregard, refer to the text of that August 23, 2016 email for the terms and provision thereof and deny knowledge and information sufficient to form a belief with respect to the truth of the remaining allegations contained in the paragraph.

61.     Deny of the allegations contained in paragraph "61" of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Violation of Section 203(f) of the Advisors Act**
**(All Defendants)**

62.    The Answering Defendants hereby repeat and reallege each and every answer to the allegations set forth in paragraphs "1" through "61" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "62" of the Complaint.

63.    In response to paragraph "63" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to federal statutes, the Answering Defendants refer to those statutes for the content thereof.

64.    Deny the allegations contained in paragraph "64" of the Complaint.

65.    Deny the allegations contained in paragraph "65" of the Complaint.

66.    Deny the allegations contained in paragraph "66" of the Complaint.

**SECOND CLAIM FOR RELIEF**
**In the Alternative, Aiding and Abetting Grenda Group's Violations of**
**Section 203(f) of the Advisors Act**
**(Gregory Grenda)**

67.    The Answering Defendants hereby repeat and reallege each and every answer to the allegations set forth in paragraphs "1" through "66" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "67" of the Complaint.

68.    In response to paragraph "68" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to federal statutes, the Answering Defendants refer to those statutes for the content thereof.

69.    Deny the allegations contained in paragraph "69" of the Complaint.

70.    Deny the allegations contained in paragraph "70" of the Complaint.

71.    Deny the allegations contained in paragraph "71" of the Complaint.

## THIRD CLAIM FOR RELIEF
### Violation of Section 206(1) of the Advisors Act
### (Grenda Group and Gregory Grenda)

72.    The Answering Defendants hereby repeat and reallege each and every answer to the allegations set forth in paragraphs "1" through "71" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "72" of the Complaint.

73.    In response to paragraph "73" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to federal statutes, the Answering Defendants refer to those statutes for the content thereof.

74.    Deny the allegations contained in paragraph "74" of the Complaint.

75.    Deny the allegations contained in paragraph "75" of the Complaint.

76.    Deny the allegations contained in paragraph "76" of the Complaint.

## FOURTH CLAIM FOR RELIEF
### Violations of Section 206(2) of the Advisors Act
### (Grenda Group and Gregory Grenda)

77.    The Answering Defendants hereby repeat and reallege each and every answer to the allegations set forth in paragraphs "1" through "76" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "77" of the Complaint.

78.     In response to paragraph "78" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to federal statutes, the Answering Defendants refer to those statutes for the content thereof.

79.     Deny the allegations contained in paragraph "79" of the Complaint.

80.     Deny the allegations contained in paragraph "80" of the Complaint.

81.     Deny the allegations contained in paragraph "81" of the Complaint.

## FIFTH CLAIM FOR RELIEF
### Aiding and Abetting Grenda Group's and Gregory Grenda's Violation of Section 206(1) and 206(2) of the Advisors Act (Walter Grenda)

82.     The Answering Defendants hereby repeat and reallege each and every answer to the allegations set forth in paragraphs "1" through "81" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "82" of the Complaint.

83.     In response to paragraph "83" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to federal statutes, the Answering Defendants refer to those statutes for the content thereof.

84.     Deny the allegations contained in paragraph "84" of the Complaint.

85.     Deny the allegations contained in paragraph "85" of the Complaint.

86.     Deny the allegations contained in paragraph "86" of the Complaint.

## SIXTH CLAIM FOR RELIEF
### In the Alternative, Aiding and Abetting Grenda Group's
### Violations of Section 206(1) and 206(2) of the Advisors Act
### (Gregory Grenda)

87.     The Answering Defendants hereby repeat and reallege each and every answer to the allegations set forth in paragraphs "1" through "86" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph "87" of the Complaint.

88.     In response to paragraph "88" of the Complaint, the Answering Defendants state that the allegations recited therein require a legal conclusion to which no response is due, and to the extent that said paragraph makes reference to federal statutes, the Answering Defendants refer to those statutes for the content thereof.

89.     Deny the allegations contained in paragraph "89" of the Complaint.

90.     Deny the allegations contained in paragraph "90" of the Complaint.

91.     Deny the allegations contained in paragraph "91" of the Complaint.

## RESIDUAL DENIAL

92.     The Answering Defendants hereby deny any and all allegations in the Complaint that are not otherwise explicitly answered in paragraphs "1" through "91" of this Answer.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

93.     Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

94.     Plaintiff fails to plead allegations of securities fraud with the requisite level of specificity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

95.     Plaintiff fails to allege that the Answering Defendants had knowledge of the alleged improper conduct.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

96.     Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitations and/or the doctrines of estoppel, waiver, unclean hands and/or laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

97.     Plaintiff's Complaint fails as a matter of law because the statements on which the claims are based did not contain untrue material facts, were statements of opinion, belief, expectations, and judgment, not statement of material fact, and/or did not omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

99.     The statements alleged in the Complaint to have been made (or omitted), if any were in fact made (or omitted), had a basis in fact or a reasonable basis.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

100.    Any alleged manipulative conduct supposedly undertaken by the Answering Defendants was undertaken inadvertently and/or was undertaken wholly without scienter.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

101.    The Answering Defendants' acts, representations or omissions as alleged in the Complaint, to the extent they were made at all, were made in good faith, honestly, and not maliciously. Each of the acts, representations, or omissions alleged in the Complaint to be false,

misleading or manipulative, if made, which they were not, where made innocently and without knowledge of their purported falsity or manipulative effect.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

102.    Any alleged harm, if caused, was not proximately caused by the Answering Defendants.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

103.    Plaintiff's claim for injunctive relief is barred because there has been no violation of the Securities Act or the Exchange Act.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

104.    Plaintiff seeks a monetary penalty in excess of the statutory limit.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

105.    The relief sought by plaintiff is not authorized by applicable law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

106.    The Answering Defendants reserve the right to add any additional defenses that subsequently become apparent and available during the course of this action.

The Answering Defendants may have other affirmative defenses against plaintiff and therefore reserve all rights to assert such defenses as such defenses become apparent or available to them during pre-trial proceedings in this action.

## DEMAND FOR JURY TRIAL

107.    Pursuant to Federal Rule of Civil Procedure 38(b), the Answering Defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, the Answering Defendants respectfully request that this Court:

(a)     dismiss Plaintiff's complaint in its entirety, with prejudice;

(b)     enter judgment in favor of the Answering Defendants against Plaintiff with respect
        to all causes of action in the Complaint;

(c)     award the Answering Defendants the costs, including attorneys' fees and
        disbursements, incurred as a result of this litigations; and

(d)     award the Answering Defendants such other and further relief as to this Court may
        seem just and proper.


DATED:          November 5, 2018

                                        JOSEPH G. MAKOWSKI, LLC


                            By:     /s/ Joseph G. Makowski
                                        Joseph G. Makowski, Esq.
                                        *Attorney for Defendants
                                        Grenda Group, LLC and
                                        Gregory Grenda*
                                        Office and Post Office Address
                                        448 Delaware Avenue
                                        Buffalo, New York 14202
                                        Telephone: (716) 881-1890
                                        Facsimile: (716) 551-0828
                                        E-mail: jmakowski@aol.com


TO:     Marc P. Berger, Esq.
        Sanjay Wadhaw, Esq.
        Haimavathi V. Marlier, Esq.
        Kimberly A. Yuhas, Esq.
        U.S. Securities and Exchange Commission
        *Attorneys for Plaintiff*
        New York Regional Office
        200 Vesey Street, Suite 400
        New York, New York 10281-1022
        Telephone: (212) 336-1055 (Marlier)
        Email: marlierh@sec.gov (Marlier)