UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK (BUFFALO)

---

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | : : : : |
| Plaintiff, | : : |
| v. | : :  18-CV-00954-CCR |
| GRENDA GROUP, LLC, et al. | : : : : |
| Defendants. | : : |

---

## CASE MANAGEMENT ORDER

Pursuant to Fed. R. Civ. P. 16(b) and Local Rule 16, and a conference with counsel having been held on April 4, 2019, it is ORDERED that:

1. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution ("ADR"),[1] this case has been referred to mediation.

2. Motions to opt out of ADR shall be filed by no later than April 18, 2019.[2]

3. The parties anticipate the need for a protective order governing the disclosure of personally identifiable information and will submit to the Court a proposed protective order by April 18, 2019.

4. Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be accomplished by no later than May 3, 2019.

5. The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the court within four weeks of the Court's decision on motions to opt out of ADR or, if no

---

[1] A copy of the ADR Plan, a list of ADR Neutrals, and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

[2] On August 31, 2018, the Court automatically referred this matter to mediation pursuant to the Court's Alternative Dispute Resolution ("ADR") Plan. *See* ADR Plan Section 2.2(B) (opt out motions must be made within fourteen (14) calendar days after . . . the date of the first discovery conference under Local Rule 16 in new cases[.]").

such motions are made, by May 16, 2019. If the parties do not file a stipulation confirming their selection of a mediator by this deadline, the court will select a mediator in accordance with § 5.4(C)(2) of the ADR Plan.

6. All motions to join other parties and to amend the pleadings shall be filed by no later than May 3, 2019.

7. The initial mediation session shall be held by no later than July 16, 2019.

8. The parties shall confer regarding discovery disputes and endeavor in good faith to file any motion to compel discovery by August 31, 2019.

9. All fact discovery shall be completed by no later than September 30, 2019.[3] If discovery disputes arise, the parties shall initially advise the court of the dispute via letter (copying opposing counsel). Upon review of the letter, the court will generally schedule a conference with the parties to attempt to resolve the issue informally. If the dispute is not resolved informally, the parties will be given the opportunity to file a formal motion. This informal discovery dispute resolution process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' positions. Parties do not waive arguments by failing to raise them in their letter submissions.

10. Each party intending to offer the testimony of an expert in connection with any issue as to which it bears the burden of proof (including claims, counterclaims, cross-claims or affirmative defenses) shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than October 31, 2019. Each party intending to offer other expert testimony (i.e., testimony in response to expert testimony previously designated by an opposing party, or in support of an issue as to which the offering party does not bear the burden of proof), shall identify such expert(s) and provide reports pursuant to Rule 26 by no later than November 29, 2019.

11. All expert depositions shall be completed by no later than January 17, 2020.

12. Pretrial dispositive motions, if any, shall be filed by no later than March 20, 2020. The parties are directed to provide a courtesy copy of all motion papers to the court.

13. If no pretrial dispositive motions are filed, the parties shall contact the court by March 31, 2020 to schedule a trial date.

---

[3] The parties do not propose any changes to the limitations on discovery as provided in Rules 30, 33, and 34. The parties do not foresee issues concerning the preservation and/or discovery of electronically stored information. The parties, at this time, have not reached any agreements concerning claims of privilege or work product protection.

14. Mediation sessions may continue, in accordance with Section 5.11 of the ADR Plan, until October 31, 2020. The continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order.

15. The parties agree that a jury trial is required and, reserving all rights, anticipate that the trial will take two weeks.

No extension of the above deadlines will be granted except upon written application, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any application for an extension shall be made at least one week prior to the deadline sought to be extended. The parties are reminded that "a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this __4th__ day of __April__, 2019.

Christina Reiss, District Judge
United States District Court