UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK (BUFFALO)

------------------------------------------------------------------------x
                                                        :

SECURITIES AND EXCHANGE COMMISSION,   :

                **Plaintiff,**   :

        v.                                      :    18-CV-00954 (CCR)

GRENDA GROUP, LLC, et al.,   :

                **Defendants.**   :
------------------------------------------------------------------------x

<u>STIPULATED       PROTECTIVE ORDER GOVERNING
USE AND DISCLOSURE OF DOCUMENTS CONTAINING
PERSONALLY IDENTIFIABLE INFORMATION</u>

    WHEREAS, all of the parties to this action (collectively, the "Parties" or individually, the "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of personally identifiable information ("PII") that they may need to use and disclose in connection with discovery in this action;

    WHEREAS, PII is defined to include:

    1.    An individual's social security number, tax identification number, passport number, and/or driver's license and other national and/or state identification number;

    2.    An individual's birth date other than the year of her/his birth;

    3.    The name of an individual known or reasonably believed to be a minor by the person disclosing the information other than that minor's initials; and

    4.    A financial account number and/or policy number.

    WHEREAS, information that the Parties will produce and disclose in the course of discovery in this action (the "Discovery Material") may contain PII;

WHEREAS, the Parties agree to be bound by this Protective Order;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Protective Order will adhere to the following terms:

1. No person subject to this Protective Order may disclose Discovery Material containing PII (the "PII Discovery Material") to anyone else except as expressly permitted hereunder.

2. The Party producing the PII Discovery Material may designate as "Confidential" any material, in its entirety, that it reasonably and in good faith believes contains PII by stamping or otherwise clearly marking such material as "Confidential – Subject to Protective Order." Discovery Material that contains PII shall be treated as PII Discovery Material regardless of whether a Party has designated such material as "Confidential," but only to the extent it is apparent after a review before disclosure, as required by paragraph 4 below, or otherwise reasonably comes to the attention of the disclosing party, that such undesignated Discovery Material contains PII.

3. The Parties are not required to redact PII Discovery Material before producing that material to the other Parties.

4. With the exception of any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, or any outside vendor or service provider a Party retains in connection with providing document production or litigation support services in this action, the Parties must redact PII from PII Discovery Material before disclosing that information to any non-party. The Party seeking to disclose the PII

Discovery Material bears the responsibility of reviewing for, identifying, and redacting PII from that material before disclosure to a non-party.

5. The Parties may disclose PII Discovery Material to any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, or any outside vendor or service provider a Party retains in connection with providing document production or litigation support services in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

6. Should any party seek to amend, modify, or terminate the terms of this Protective Order, it must first confer with the opposing party in a good faith to attempt to come to an agreement regarding such amendment, modification, or termination before seeking intervention from this Court.

7. Within 60 days of the final disposition of this action, the Parties must return, shred, delete, and/or destroy all PII Discovery Material that the party received from another Party. Notwithstanding this provision, counsel retained by defendants Grenda Group, LLC and Gregory M. Grenda for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain PII Discovery Material. Any such archival copies remain subject to this Order.

8. Nothing in this Order shall modify any record keeping requirement imposed upon the plaintiff Securities and Exchange Commission (the "Commission") by law, regulation, or other legal requirement.

9. Nothing in this Protective Order shall interfere with the Commission's use of PII Discovery Material, in its un-redacted form, for law enforcement activities and to otherwise regulate, administer, and enforce the federal securities laws.

10. Nothing in this Order will prevent any Party from producing any PII Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

11. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom PII Discovery Material is produced or disclosed.

12. This Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

FOR THE PARTIES:

*/s/ Haimavathi V. Marlier*
Haimavathi V. Marlier
Kimberly A. Yuhas
*Counsel for Securities and Exchange Commission*

*/s/ Joseph G. Makowski*
Joseph G. Makowski
*Counsel for Grenda Group, LLC and Gregory M. Grenda*

SO ORDERED:      _____
                 Honorable Christina Clair Reiss, U.S.D.J.

DATED:           _____4/18/19_____

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK (BUFFALO)**

------------------------------------------------------------------x
:
SECURITIES AND EXCHANGE COMMISSION,     :
:
                            **Plaintiff,**     :
:
        v.     :      18-CV-00954 (CCR)
:
**GRENDA GROUP, LLC, et al.,**     :
:
                           **Defendants.**     :
:
------------------------------------------------------------------x

## NON-DISCLOSURE AGREEMENT

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of PII Discovery Material. I agree that I will not disclose such PII Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Western District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name Printed: _____
Signature: _____
Date: _____