UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

SECURITIES & EXCHANGE                )
COMMISSION,                          )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )          Case No. 1:18-cv-954
                                     )
GRENDA GROUP, LLC and                )
GREGORY M. GRENDA,                   )
                                     )
          Defendants.                )

## JURY CHARGE

Members of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you on the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence presented during the trial.

The lawyers may have referred to some of the rules of law in their arguments. If any difference appears between the law as stated by the lawyers and the law as stated by the court in these instructions, you must follow the court's instructions.

Our judicial system requires you to carefully and impartially consider all of the evidence, follow the law, and reach a just verdict, regardless of the consequences.

## JURORS AS FINDERS OF FACT/RULINGS OF THE COURT

You and you alone are the triers of the facts. Each of you, as jurors, must determine the facts for yourselves in reaching a verdict. By the rulings which I made during the course of the trial, I did not intend to indicate to you or to express my own views about this case.

## SYMPATHY/PREJUDICE

Neither sympathy nor prejudice, for or against the parties, or any other person involved with this case, should influence you in any manner in reaching your verdict. Your deliberations should be well-reasoned and impartial.

## CORPORATION, ENTITY, AGENCY, OR INSTITUTION AS A PARTY

One of the defendants in this case, Grenda Group, LLC, is a limited liability company. The Securities and Exchange Commission, also known as the SEC, is a federal governmental agency tasked with enforcing federal laws related to, among other things, the purchase, sale, and trading of stocks, bonds, and other securities. Gregory M. Grenda is an individual. This should not affect how you view the case, however. You should consider the case to be an action between persons. A limited liability company or a governmental agency is entitled to the same fair treatment and consideration that you would give a private individual. All persons are equal before the law.

## IMPORTANT CASE

This is an important case to the parties and the court. You should give it serious and fair consideration.

## ARGUMENTS/STATEMENTS/OBJECTIONS OF THE ATTORNEYS

The opening statements and closing arguments of the attorneys, their questions and objections, and all other statements that they made during the course of the trial are not evidence. The attorneys have a duty to object to evidence that they believe is not admissible. You may not hold it against either side if any attorney feels it is necessary to make an objection.

## NUMBER OF WITNESSES

The fact that one side may have called more witnesses than the other side is of no

significance. Your task is to evaluate the credibility of the witnesses and to weigh all of the evidence.

## BIAS OF WITNESSES

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should take into account any evidence that a witness may benefit in some way from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

## EXPERT WITNESS

You have heard testimony from a witness who is known as an expert witness. An expert witness is a person who has special knowledge, experience, training, or education about a particular subject. Because of this expertise, an expert witness may offer opinions about one or more of the issues in this case. In considering an expert witness's testimony, you should evaluate his credibility and statements just as you would with any other witness, giving the testimony as much weight as you think it deserves. You should also evaluate whether the expert's opinion is supported by the other evidence in the case, whether the reasons given by the expert in support of his opinion make sense, and whether the opinion is supported by the expert's knowledge, experience, training, or education. You are not required to give the testimony of an expert any greater weight than you believe it deserves just because the witness has been referred to as an expert.

## EVIDENCE IN THE CASE

The evidence in this case consists of the sworn testimony of the witnesses, any stipulation, and the exhibits admitted into evidence, regardless of which party presented the evidence. When the attorneys on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proven. You

may give the stipulated fact, like any other evidence, the weight that you think it deserves.
Any evidence to which an objection was sustained or stricken by the court must be
disregarded.

## EVIDENCE – DIRECT OR CIRCUMSTANTIAL

There are two types of evidence from which you may find the facts of this case:
direct and circumstantial evidence. Direct evidence is the testimony of someone who
asserts actual knowledge of a fact, such as an eyewitness or the exhibits in the trial.
Circumstantial evidence is proof of a chain of facts and circumstances tending to prove or
disprove an issue in the case.

For example, if a witness were to testify that he or she had seen cows in a field, that
would be an example of direct evidence that there were cows in a field. On the other hand,
if a witness were to testify that he or she had seen fresh cow tracks in the field, that would
be an example of circumstantial evidence that there had been cows in the field.

The law does not require a party to prove its claims or defenses by direct evidence
alone, that is, by testimony of an eyewitness. One or more of the essential elements, or all
of the essential elements, may be established by reasonable inference from other facts that
are established by direct testimony. Circumstantial evidence may alone be sufficient to
prove a claim or defense.

The law makes no distinction between the weight to be given to direct or
circumstantial evidence. Nor is a greater degree of certainty required of circumstantial
evidence than of direct evidence. You should consider all the evidence in the case and give
it such weight as you think it deserves.

## CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses, and the weight to give
their testimony is up to you. In considering the testimony of any witness, you may take into
account his or her ability and opportunity to observe; his or her demeanor while testifying;
any interest or bias he or she may have; and the reasonableness of his or her testimony,
considered in light of all of the evidence in the case. Consider also any relation each
witness may bear to either side of the case, any bias or prejudice, the manner in which each

witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit a witness's testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. It is your duty to reconcile conflicting testimony if you can do so. In weighing the effect of a discrepancy, consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

As a general matter, in evaluating the credibility of each witness, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest may create a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering has an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it only with great care. This is not to suggest that any witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You may give the testimony of each witness such weight, if any, you think it deserves. You may believe all of the testimony of any witness, you may believe it in part and disbelieve it in part, or you may reject it altogether. You do not have to accept the testimony of any witness, even if it is uncontradicted. It is for you to say what you will believe and what you will disbelieve.

## PRIOR INCONSISTENT STATEMENTS

You may find that a witness has made statements outside of this trial that are inconsistent with the statements that the witness gave during the trial. You may consider the out-of-court statements not made under oath only to determine the credibility of the witness and not as evidence of any facts contained in the statements. As to out-of-court

statements that were made under oath, such as statements made in prior testimony, you may consider them for all purposes, including for the truth of the facts contained therein.

## SPECIALIZED KNOWLEDGE AND EXPERIENCE OF JURORS

In deliberating upon your verdict, you are not expected to put aside your common sense or your own observations or experience of the general affairs of life. However, a juror having specialized knowledge of a subject may neither state this knowledge to fellow jurors nor act upon it himself or herself in arriving at a verdict. You must not tell your fellow jurors about matters which are based on specialized knowledge concerning an issue in the case that did not come from the evidence received in the courtroom.

## PREPONDERANCE OF THE EVIDENCE

To "establish by a preponderance of the evidence" means to prove that something is more likely than not. In other words, a preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more persuasive force, and produces in your minds a belief that what is sought to be proved is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. In determining whether a fact, claim, or defense has been proven by a preponderance of the evidence, you may consider the testimony of witnesses, regardless of who may have called them; the exhibits in evidence, regardless of who may have produced or introduced them; and the stipulations of the parties. No proof beyond a reasonable doubt or absolute certainty is required.

## JURY NOT TO CONSIDER RELIEF

You, the jury, are to determine whether each defendant is liable for violating the federal securities laws at issue in this case. If you find a defendant liable, it is the sole responsibility of the judge to determine what relief, if any, should be awarded against that defendant. In considering whether a defendant is liable, you should not consider what relief, if any, the judge might award. This is the duty of the judge not the jury. The fact that I give you this instruction does not reflect the court's opinion on defendants' liability.

## SIMILAR ACTS EVIDENCE

You have heard evidence of acts of the defendants and other persons which may

be similar to the acts at issue in this case, but which were committed on other occasions. You must not consider any of this evidence in deciding if the defendant committed the acts at issue here. However, you may consider this evidence for other very limited purposes, such as proving a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident, based on the evidence presented in the courtroom during the trial.

## TWO DEFENDANTS/COMMON COUNSEL

Although defendants Grenda Group, LLC and Gregory M. Grenda are being represented by the same counsel, you will be asked separate questions on the Verdict Form with regard to each defendant. Walter Grenda is no longer a defendant in this case.

## LLC ACTS AND HAS KNOWLEDGE THROUGH ITS AGENTS

Grenda Group, LLC is a limited liability company. A limited liability company may act only through natural persons who are its agents, including officers and employees. The acts of Grenda Group, LLC's agents, including Gregory M. Grenda, acting within the scope of their agency, are considered the acts of Grenda Group, LLC. In addition, the knowledge and state of mind of Gregory M. Grenda, as president and sole-owner of Grenda Group, LLC, are imputed to Grenda Group, LLC.

## THE LAW OF THE CASE

There was a finding that Grenda Group, LLC and Gregory M. Grenda permitted Walter Grenda to associate with Grenda Group, LLC after Walter Grenda was barred on July 31, 2015, in violation of Section 203(f) of the Investment Advisers Act of 1940, also known as the Advisers Act. As a result, you must consider that as a fact that has been established and proven by a preponderance of the evidence.

## INSTRUCTIONS ON THE SUBSTANTIVE LAW OF THE CASE

Having explained the general guidelines by which you will evaluate the evidence in this case, I will now instruct you with regard to the law that is applicable to your determinations in this case.

## THE SEC'S ADVISERS ACT CLAIMS

The SEC claims that Grenda Group, LLC and Gregory M. Grenda made materially false and misleading statements and omissions, and engaged in a scheme to defraud, in violation of Section 206 of the Advisers Act, 15 U.S.C. § 80b-6. Section 206 of the Advisers Act provides in relevant part:

> It shall be unlawful for any investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly --
>
> (1) to employ any device, scheme or artifice to defraud any client or prospective client;
>
> (2) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## THE SEC'S FIRST CLAIM: VIOLATION OF SECTION 206(1)

The SEC claims that Grenda Group, LLC and Gregory M. Grenda each violated Section 206(1) of the Advisers Act. To prevail on its Section 206(1) claim, the SEC must establish each of the following elements by a preponderance of the evidence:

*First*: That the defendant was an investment adviser;

*Second*: That the defendant directly or indirectly employed a device, scheme, or artifice to defraud any client or prospective client;

*Third*: That the defendant acted knowingly or recklessly; and

*Fourth*: That the defendant employed such alleged device, scheme, or artifice to defraud by use of the mails or an instrumentality of interstate commerce.

If the SEC proves each of these elements by a preponderance of the evidence as to Grenda Group, LLC, you should find Grenda Group, LLC liable for violating Section 206(1) and select "YES" on Question 1.a of the Verdict Form. If the SEC fails to prove one or more of these elements, you should find Grenda Group, LLC not liable and select "NO" on Question 1.a of the Verdict Form.

If the SEC proves each of these elements by a preponderance of the evidence as to Gregory M. Grenda, you should find Gregory M. Grenda liable for violating Section 206(1) and select "YES" on Question 1.b of the Verdict Form. If the SEC fails to prove

one or more of these elements, you should find Gregory M. Grenda not liable and select "NO" on Question 1.b of the Verdict Form.

## INVESTMENT ADVISER

The parties have stipulated that Grenda Group, LLC and Gregory M. Grenda were investment advisers. This element has therefore already been established by a preponderance of the evidence.

## A DEVICE, SCHEME, OR ARTIFICE TO DEFRAUD

As to the second element, the SEC must prove that the defendant directly or indirectly employed a device, scheme, or artifice to defraud.

A "scheme" is a design or plan formed to accomplish some purpose. A "device," when used in an unfavorable sense, is a "trick" or "fraud." Put another way, the term "device, scheme, or artifice to defraud" would refer to any plan or course of action that involves (1) false or fraudulent pretenses; (2) untrue statements of material facts; (3) omissions of material facts; or (4) representations, promises, and patterns of conduct calculated to deceive.

A "misrepresentation" is a statement that is not true. An "omission" is the failure to state facts that would be necessary to make the statements made by the defendant not misleading. A misstatement or omission of fact is "material" if there is a substantial likelihood that a reasonable investor would attach importance to the misrepresented or omitted fact in determining his or her course of action. A minor or trivial detail is not a "material fact."

The SEC can establish liability against a defendant based on a single material misrepresentation, material omission, or other fraudulent act. You do not have to agree as to the specific act by any one defendant, so long as all jurors agree that the defendant engaged in at least one fraudulent act.

It is not necessary for the SEC to prove that the defendant was actually successful in defrauding anyone. It is not necessary for the SEC to prove that anyone lost any money or property as a result of the device, scheme, or artifice to defraud. An unsuccessful

scheme or plan may be a violation just as a scheme or plan that is ultimately successful may be a violation.

## KNOWLEDGE OR RECKLESSNESS

As to the third element, the SEC must prove by a preponderance of the evidence that the defendant acted with the intent to deceive, manipulate, or defraud, which may be established by showing the defendant acted with knowledge or with reckless disregard for the truth. Direct proof of an intent to deceive, manipulate, or defraud is not required. Circumstantial evidence is of no less value than direct evidence.

To act "knowingly" or with "knowledge" means to act intentionally and deliberately, rather than mistakenly or inadvertently. Proof of knowledge consists of showing an awareness of the underlying facts, and that the acts which constitute the violation were committed intentionally. There is no requirement that a person also be aware that he or she is violating a particular statute or rule.

A person also acts "knowingly" if he or she acted with deliberate ignorance. A person is deliberately ignorant if he or she was aware of a high probability that a fact exists yet deliberately avoided learning that fact, unless he or she actually believed that the fact does not exist. It is not sufficient that a person was merely negligent in finding out a fact. To be deliberately ignorant, a person must purposely blind himself or herself from obtaining actual knowledge of an obvious fact because he or she had a conscious purpose to avoid learning the truth.

To act with "recklessness" or "recklessly" means conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care. "Recklessness" is more than mere negligence. A person acts with reckless disregard of a fact if the fact was so obvious that the person must have been aware of it.

Because an essential element of the SEC's case is intent to defraud or recklessness, it follows that a good faith belief on the part of the defendant in the truth of the representations the defendant made is a complete defense. A defendant, however, has no burden to establish a defense of good faith. The burden is on the SEC to prove lack of good faith by a preponderance of the evidence. If the SEC proves that the defendant has

acted knowingly or recklessly as defined in these instructions, that means the defendant has not acted in good faith.

## INTERSTATE COMMERCE

As to the fourth element, the SEC must prove by a preponderance of the evidence that the defendant used or caused to be used any means or instrumentality of interstate commerce.

An "instrumentality of interstate commerce" means instruments, devices, and means of conducting trade, commerce, transportation, or communication among any two states, or between this country and a foreign country. It includes any mail, fax, email, or telephone, as well as any facility of a national securities exchange. It is not necessary the defendant be directly or personally involved in mailing or use of the instrumentality. If the defendant was an active participant in the scheme and took steps or engaged in conduct which the defendant knew or could reasonably foresee would naturally and probably result in the use of the mails or interstate wires, then you may find that the defendant caused them to be used.

It is not necessary that the instrumentality of interstate commerce be the means by which a person deceives or defrauds someone. Rather, all that is required is that an instrumentality of interstate commerce be used in some phase of the conduct at issue.

## THE SEC'S SECOND CLAIM: VIOLATION OF SECTION 206(2)

The SEC claims that Grenda Group, LLC and Gregory M. Grenda each violated Section 206(2) of the Advisers Act. Section 206(2) differs from Section 206(1) in that it requires only negligence and does not require an intent to deceive, manipulate, or defraud. To prevail on its Section 206(2) claim, the SEC must establish each of the following elements by a preponderance of the evidence:

*First*: That the defendant was an investment adviser;

*Second*: That the defendant engaged in a transaction, practice, or course of business which operated as a fraud or deceit upon any client or prospective client;

*Third*: That the defendant acted negligently; and

*Fourth*: That the defendant engaged in such alleged transaction, practice, or course of business by use of the mails or an instrumentality of interstate commerce.

If the SEC proves each of these elements by a preponderance of the evidence as to Grenda Group, LLC, you should find Grenda Group, LLC liable for violating Section 206(2) and select "YES" on Question 2.a of the Verdict Form. If the SEC fails to prove one or more of these elements, you should find Grenda Group, LLC not liable and select "NO" on Question 2.a of the Verdict Form.

If the SEC proves each of these elements by a preponderance of the evidence as to Gregory M. Grenda, you should find Gregory M. Grenda liable for violating Section 206(2) and select "YES" on Question 2.b of the Verdict Form. If the SEC fails to prove one or more of these elements, you should find Gregory M. Grenda not liable and select "NO" on Question 2.b of the Verdict Form.

### INVESTMENT ADVISER

The parties have stipulated that Grenda Group, LLC and Gregory M. Grenda were investment advisers. This element has therefore already been established by a preponderance of the evidence.

### OPERATES AS A FRAUD

For the second element, the SEC must prove by a preponderance of the evidence that the defendant engaged in a transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client. That is, any transaction that functions or otherwise results in a fraud. You must focus on the effect of a particular transaction, practice, or course of business.

In this context, fraud includes all acts, omissions, and concealments which involve a breach of legal or equitable duty, trust, or confidence, and are injurious to another, or by which an undue and unconscientious advantage is taken of another. An investment adviser has an affirmative duty of utmost good faith, and full and fair disclosure of all material facts, as well as an affirmative obligation to employ reasonable care to avoid misleading his clients. Neither proof of intent to injure nor actual injury to the client is required.

The SEC can establish liability against a defendant based on a single material misrepresentation, material omission, or other fraudulent act. You do not have to agree as to the specific act by any one defendant, so long as all jurors agree that the defendant engaged in at least one fraudulent act.

## NEGLIGENCE

As to the third element, the SEC must prove by a preponderance of the evidence that the defendant acted with negligence. "Negligence" means failure to use reasonable care, that is, the failure to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. An investment adviser has an affirmative obligation to employ reasonable care to avoid misleading clients. "Reasonable care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances. Negligence does not require an intent to deceive or defraud.

## INTERSTATE COMMERCE

As to the fourth element, the SEC must prove by a preponderance of the evidence that Grenda Group, LLC and Gregory M. Grenda used or caused to be used any means or instrumentality of interstate commerce.

An "instrumentality of interstate commerce" means instruments, devices, and means of conducting trade, commerce, transportation, or communication among any two states, or between this country and a foreign country. It includes any mail, fax, email, or telephone, as well as any facility of a national securities exchange. It is not necessary the defendant be directly or personally involved in mailing or use of the instrumentality. If a defendant was an active participant in the scheme and took steps or engaged in conduct which the defendant knew or could reasonably foresee would naturally and probably result in the use of the mails or interstate wires, then you may find that the defendant caused them to be used.

It is not necessary that the instrumentality of interstate commerce be the means by which a person deceives or defrauds someone. Rather, all that is required is that an instrumentality of interstate commerce be used in some phase of the conduct at issue.

### THE SEC'S THIRD CLAIM: AIDING AND ABETTING

The SEC claims that Gregory M. Grenda aided and abetted Grenda Group, LLC in violating Sections 206(1) and 206(2) of the Advisers Act. To prove that Gregory M. Grenda is liable for aiding and abetting a violation of Section 206(1) and/or 206(2), the SEC must prove by a preponderance of the evidence:

*First*: Grenda Group, LLC violated Section 206(1) and/or 206(2);

*Second*: Gregory M. Grenda knew, or was reckless in not knowing, of Grenda Group, LLC's violation; and

*Third*: Gregory M. Grenda provided substantial assistance to the achievement of Grenda Group, LLC's violation.

As to the first element, the SEC must prove by a preponderance of the evidence that Grenda Group, LLC violated Section 206(1), Section 206(2), or both. If you find, consistent with my instructions, that Grenda Group, LLC violated Section 206(1) and/or 206(2) of the Advisers Act, this element is satisfied. You must all agree which Section(s), if any, Grenda Group, LLC violated. Your answer to this question must be consistent with your answers to Questions 1.a and 2.a of the Verdict Form.

If the SEC proves by a preponderance of the evidence all the elements of its aiding and abetting claim against Gregory M. Grenda with regard to Section 206(1), including that Grenda Group, LLC violated Section 206(1), you should find Gregory M. Grenda liable for aiding and abetting Grenda Group, LLC in violating Section 206(1) and select "YES" on Question 3.a of the Verdict Form. If the SEC fails to prove one or more of these elements, you should find Gregory M. Grenda not liable for aiding and abetting Grenda Group, LLC in violating Section 206(1) and select "NO" on Question 3.a of the Verdict Form.

If the SEC proves by a preponderance of the evidence all the elements of its aiding and abetting claim against Gregory M. Grenda with regard to Section 206(2), including

14

that Grenda Group, LLC violated Section 206(2), you should find Gregory M. Grenda liable for aiding and abetting Grenda Group, LLC in violating Section 206(2) and select "YES" on Question 3.b of the Verdict Form. If the SEC fails to prove one or more of these elements, you should find Gregory M. Grenda not liable for aiding and abetting Grenda Group, LLC in violating Section 206(2) and select "NO" on Question 3.b of the Verdict Form.

## KNOWLEDGE OF A VIOLATION

As to the second element, the SEC must show that Gregory M. Grenda acted with knowledge of Grenda Group, LLC's violation or was reckless in failing to discover it. To act "knowingly" or with "knowledge" means to act intentionally and deliberately, rather than mistakenly or inadvertently. Proof of knowledge consists of showing an awareness of the underlying facts, and that the acts which constitute the violation were committed intentionally. There is no requirement that a person also be aware that he or she is violating a particular statute or rule.

A person also acts knowingly if he or she acted with deliberate ignorance. A person is deliberately ignorant if he or she was aware of a high probability that a fact exists yet deliberately avoided learning that fact, unless he or she actually believed that the fact does not exist. It is not sufficient that a person was merely negligent in finding out a fact. To be deliberately ignorant, a person must purposely blind himself or herself from obtaining actual knowledge of an obvious fact because he or she had a conscious purpose to avoid learning the truth.

To act with "recklessness" or "recklessly" means conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care. Recklessness is more than mere negligence. A person acts with reckless disregard of a fact if the fact was so obvious that the person must have been aware of it.

## SUBSTANTIAL ASSISTANCE

As to the third element, to prove that Gregory M. Grenda provided substantial assistance to Grenda Group, LLC's violation, the SEC must show that Gregory M. Grenda (1) in some way associated himself with the venture, (2) that he participated in it

as in something that he wished to bring about, and (3) that he sought by his action to make it succeed. Inaction on the part of Gregory M. Grenda may be treated as substantial assistance if you find Gregory M. Grenda's inaction was designed intentionally to aid the fraud or was in conscious and reckless violation of a duty to act.

You must consider the issue of substantial assistance in light of whether Gregory M. Grenda actually knew of the fraud. Therefore, a high degree of knowledge may lessen the SEC's burden in proving substantial assistance, just as a high degree of substantial assistance may lessen the SEC's burden in proving knowledge or recklessness.

## VERDICT FORM

I will provide you with a verdict form that will guide you in making your determinations in this action. You must fill out the verdict form in accordance with these jury instructions. If there is any conflict between the verdict form and these instructions, you must follow these instructions.

## CONCLUDING INSTRUCTIONS
## JURY DELIBERATIONS/UNANIMOUS VERDICT

The verdict must represent the considered judgment of each juror. In order to return a verdict, you must all agree. Your verdict must be unanimous.

You must consult with one another. You must try to reach an agreement if you can do so without sacrificing your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. Do not hesitate to re-examine your views and change your opinions if you are convinced they are wrong. But do not surrender your honest opinion as to the weight or effect of evidence solely because of the opinions of your fellow jurors, or for the mere purpose of returning a verdict.

If you need to communicate with me, you should send a note through the Court Officer, signed by your foreperson. You must not discuss with the court or with any other person what is said in deliberations, and any note you send to the court must not include this information. In other words, you may ask the court questions but, in doing so, you must not reveal what the jurors are thinking or saying. You must not tell anyone how the

16

jury stands numerically or otherwise until after you have reached a unanimous verdict and you have been discharged. Even then you need not speak to anyone about this case unless you want to.

When you have reached a verdict, tell the Court Officer that you have reached a verdict, but do not tell the Court Officer what the verdict is. You will then be brought into the courtroom where I shall ask you if you have reached a verdict, and, if you have, what it is.

## JUROR NOTE TAKING

During the trial, you have been provided with pen and paper, and some of you have taken notes. As I explained at the beginning of the trial, all jurors should be given equal attention during the deliberations regardless of whether or not they have taken notes. Any notes you have taken may only be used to refresh your memory during deliberations. You may not use your notes as authority to persuade your fellow jurors as to what a witness did or did not say. In your deliberations you must rely upon your collective memory of the evidence in deciding the facts of the case. If there is any difference between your memory of the evidence and your notes, you may ask that the record of the proceedings be read back. If a difference still exists, the record must prevail over your notes. I will now describe the process for a read back.

## READ BACK OF EVIDENCE

If, during your deliberations, you are unable to recall with any degree of accuracy, a particular part of the testimony, or part of these instructions, you may do the following:

1.  Write out your question, and have the foreperson sign it;

2.  Knock on the door of the jury room; and

3.  Deliver your note to the Court Officer, to give to me.

After the attorneys have been consulted, and the record has been reviewed, I shall decide what action to take. I will tell you my ruling.

## SELECTION AND DUTIES OF A FOREPERSON

I select _____ to act as your foreperson. The foreperson acts as a chairperson or moderator. It is your duty to see that discussions are carried out in a

sensible and orderly manner and to see that the issues submitted for the jury's decision are fully and fairly discussed, and that every juror has a chance to say what he or she thinks upon every question. When ballots should be taken, you will see that it is done. You will act as the jury's spokesperson in the courtroom. In all other respects, the foreperson is the same as every other juror. His or her vote or opinions do not count more or less than those of his or her fellow jurors.

Ladies and gentlemen of the jury, you may now take the case and retire to begin your deliberations.

Dated at Buffalo, in the Western District of New York, this 9th day of December, 2021.

Christina Reiss, District Judge
United States District Court